RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CAPPY D. SANDERS | CIVIL ACTION NO. 08-1953 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROYCE TONEY, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is Plaintiff Cappy D. Sanders' ("Sanders") civil rights complaint. [Doc. No. 1]. Sanders contends that he was denied adequate medical treatment while he was detained at the Ouachita Correctional Center ("OCC"). Sanders named Ouachita Parish Sheriff Royce Toney, OCC Warden Brian Newcomer, and the OCC Medical Staff as defendants.

On May 1, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 19] recommending that Sanders' complaint be dismissed with prejudice as frivolous.

The Court ADOPTS the Report and Recommendation and issues the following additional analysis in response to Sanders' objections [Doc. No. 23].

During his detention at OCC, Sanders was treated by doctors at LSU Medical Center for glaucoma, including laser eye treatment. Sanders contends, however, that Defendants denied him adequate medical treatment by failing to dispense prescribed medications; failing to timely respond, or respond at all, to his sick call requests; and allowing security officers to dispense medication, instead of the medical staff.

The evidence offered at the hearing on the motion for a temporary restraining order, including Sanders' medical records and the testimony of OCC Corporal Brian D. George, LPN, refute Sanders' conclusory and unsubstantiated assertions that he was not provided medication.

Sanders' complaints about the timing of Defendants' responses to his sick call requests amount to nothing more than disagreement with the medical treatment that he received. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). For example, in his objections, Sanders cites to evidence that he submitted a sick call request on November 3, 2008, but Defendants did not respond in writing to his request until December 3, 2008. [Exh. p. 57]. However, Sanders was examined by OCC staff on November 26, 2008, and the staff member who examined him recommended scheduling an appointment with LSU Medical Center in response to his complaints. [Exh. p. 75]. To the extent that Sanders claims that he submitted many more sick call request forms than are in the record, the Court finds that this still fails to state a claim for denial of adequate medical treatment in light of Defendants' continual monitoring and overall treatment of his glaucoma condition and other medical complaints.

Finally, Sanders has not explained nor established how permitting non-medical staff to dispense medications resulted in the denial of adequate medical treatment.

MONROE, LOUISIANA, this 26 day of June, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE